No. 225             April 10, 2024             799

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of S. L. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. M. S.,
*Appellant.*

Lane County Circuit Court
22JU02731; A182032 (Control)

In the Matter of E. C. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. M. S.,
*Appellant.*

Lane County Circuit Court
22JU02732; A182033

In the Matter of A. W. G. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. M. S.,
*Appellant.*
Lane County Circuit Court
22JU02733; A182034

Bradley A. Cascagnette, Judge.

Submitted March 6, 2024.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sarah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

## AOYAGI, P. J.

Mother appeals the juvenile court's judgments asserting dependency jurisdiction over her three children— S, age 10, E, age 7, and A, age 6.[1] The court entered those judgments after hearing approximately 73 witnesses testify in a month-long trial. In 15 assignments of error, mother contends that the court erred in asserting dependency jurisdiction over the children. Notwithstanding the number of separate assignments of error, which include one for each child for each of the four jurisdictional bases relating to mother and one for each child for the ultimate dependency ruling, mother's appeal turns on a single issue. According to mother, "The department's four separate allegations against mother in the dependency petitions reduced to whether mother committed medical child abuse ***." In a combined argument on all 15 assignments of error, she asks us to exercise our discretion to engage in *de novo* review and, on *de novo* review, to credit the testimony of mother's expert witness on medical child abuse over the testimony of the Department of Human Services' (DHS) expert witness on medical child abuse. Mother argues that if we credit her expert, Dr. Weiner, over DHS's expert, Dr. Leonhardt, then the evidence was legally insufficient to establish dependency jurisdiction.[2]

Normally, in juvenile dependency cases, we review the evidence presented to the juvenile court, including reasonable inferences from that evidence, in the light most favorable to the juvenile court's disposition "and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013). We do not "substitute our assessment of the persuasiveness of the evidence for the

---

[1] We state the children's ages at the time of entry of the dependency judgments.

[2] Mother summarizes her argument: "On *de novo* review, this court should credit Weiner's expert opinion that mother did not commit medical child abuse and conclude that the department failed to meet its burden of proof on any of its allegations." She similarly states at the conclusion of her brief that we should credit Weiner's opinion as more persuasive than Leonhardt's and therefore conclude that DHS failed to prove "that mother committed medical child abuse against any of the children," which "failure of proof is dispositive of all four of the department's separate allegations against mother."

juvenile court's," nor do we "revisit the juvenile court's resolution of factual disputes or its choice among reasonable inferences," but instead limit our review to "determining whether the evidence was sufficient to permit the challenged determination." *Id*. at 640.

We have discretionary authority, however, to conduct *de novo* review in juvenile dependency proceedings, including making one or more factual findings anew on the record. ORS 19.415(3)(b) ("Upon an appeal in an equitable action or proceeding other than an appeal from a judgment in a proceeding for the termination of parental rights, the Court of Appeals, acting in its sole discretion, may try the cause anew upon the record or make one or more factual findings anew upon the record."). We exercise that discretion only in "exceptional cases." ORAP 5.40(8)(c); *see also* ORAP 5.40(8)(d) (identifying several nonexclusive and nonbinding considerations that may be relevant to our decision whether to exercise *de novo* review).

Mother argues that this is an exceptional case and that we should exercise our discretion to conduct *de novo* review, specifically as to the experts' testimony regarding medical child abuse. The juvenile court found both experts to be credible, but it found Leonhardt's testimony more persuasive. Mother implicitly acknowledges that, viewed in the light most favorable to the disposition, the evidence was legally sufficient. That is, Leonhardt's testimony, combined with the other evidence, was legally sufficient to establish dependency jurisdiction. Mother argues, however, that if we find Weiner's testimony more persuasive than Leonhardt's on *de novo* review, then the evidence would be insufficient for dependency jurisdiction, and she argues for reversal on that basis.

Having reviewed the testimony of both experts, we agree with the juvenile court that, although both experts are credible, Leonhardt's testimony is more persuasive. Leonhardt conducted a detailed review of all of A's available medical records, he personally observed A in the hospital, his approach is appropriately more focused on the effect of the situation on the children than mother's specific motivations, and his conclusions are more in line with the evidence

as a whole. Consequently, even on *de novo* review, we would conclude that the state proved its case by a preponderance of the evidence. *See* ORS 419B.310(3)(a)(A) (requiring facts alleged in the petition to be proved "[b]y a preponderance of competent evidence"). We reject mother's arguments against dependency jurisdiction. The juvenile court's judgments are affirmed as to all three children.

Affirmed.